UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

NICOLE A. ANTHONY,

                        Plaintiff,

       -against-

ARTHUR GLICK TRUCK SALES, INC., et
al.; ARTHUR GLICK (President, Arthur
Glick, Inc.); TODD GLICK (Vice President,
Arthur Glick, Inc.); BARRI GLICK
(Secretary, Arthur Glick, Inc.); and ROBIN
BOLLES (Comptroller, Arthur Glick, Inc.),

                        Defendants.

-----------------------------------------------------------x

**Case No. 15 CV 7270 (NSR)**

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Arthur Glick Truck Sales Inc., et al.; Arthur Glick (President, Arthur Glick Truck Sales Inc.); Todd Glick (Vice President, Arthur Glick Truck Sales Inc.); Barri Glick (Secretary, Arthur Glick Truck Sales Inc.); and Robin Bolles (Controller, Arthur Glick Truck Sales Inc.) (collectively "Defendants"), by and through their attorneys Jackson Lewis P.C., for their Answer to Plaintiff's *Pro Se* Complaint ("the Complaint") herein state as follows:

## AS TO "PRELIMINARY STATEMENT"

Defendants deny the allegations set forth in the unnumbered Paragraphs in the "Preliminary Statement" of the Complaint, except state that this action is purportedly brought pursuant to Title VII of the Civil Rights Act of 1964 and it seeks damages.

## AS TO "JURISDICTION AND VENUE"

Defendants deny the allegations set forth in the unnumbered Paragraphs in the "Jurisdiction and Venue" section of the Complaint, except state that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000 and 42 U.S.C. §1981, and that Plaintiff claims venue is proper pursuant to 28 U.S.C. §1391.

## AS TO "Parties"

1.   Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 1 of the Complaint.

2.   Defendants admit the allegations set forth in Paragraph 2 of the Complaint that Defendant Arthur Glick Truck Sales Inc. is a corporation doing business in New York and deny the remaining allegations in the Paragraph, and state that no other corporate entities besides Arthur Glick Truck Sales Inc. are Defendants in this matter.

3.   Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except admit that Arthur Glick is President and CEO of the Defendant corporate entity Arthur Glick Truck Sales Inc.

4.   Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except admit that Todd Glick is Vice President of Arthur Glick Truck Sales Inc.

5.   Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit that Barri Glick is Secretary of Arthur Glick Truck Sales Inc.

6.   Defendants deny the allegations set forth in Paragraph 6 of the Complaint, except admit that Robin Bolles is Controller of Arthur Glick Truck Sales Inc.

## AS TO "FACTS"

7.   Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.   Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.   Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint, except deny Plaintiff was subject to any harassment or discrimination at any time during her employment.

10.   Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11.   Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.   Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.   Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14.   Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.   Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.   Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17.   Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18.   Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.   Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.   Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.   Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.   Defendants deny the allegations set forth in Paragraph 22 of the Complaint, except admit that Plaintiff did not perform her job and had absenteeism issues.

23.   Defendants deny the allegations set forth in Paragraph 23 of the Complaint except admit on or about May 17, 2013, Plaintiff notified Defendants she would not be in the office.

24.   Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

## AS TO "EEOC PROCEEDINGS"

25.  Defendants deny the allegations set forth in Paragraph 25 of the Complaint and the allegations in the EEOC Charge, except admit that Exhibit A to the Complaint is a document which speaks for itself.

26.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the Complaint.

27.  Defendants deny the allegations set forth in Paragraph 27 of the Complaint, except deny knowledge or information sufficient to form a belief as to the communications between the EEOC and Plaintiff.

28.  Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.  Defendants neither admit nor deny the allegations set forth in Paragraph 29 of the Complaint, except state that Exhibit E to the Complaint is a document which speaks for itself.

30.  Defendants neither admit nor deny the allegations set forth in Paragraph 30 of the Complaint, except state that Exhibit E to the Complaint is a document which speaks for itself.

31.  Defendants deny the allegations set forth in Paragraph 31 of the Complaint, except state that Exhibit F to the Complaint is a document which speaks for itself.

32.  Defendants admit, upon information and belief, the allegations set forth in Paragraph 32 of the Complaint.

33.  Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.  Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

## AS TO "CLAIMS FOR RELIEF"

35.  Defendants repeat and reallege each and every response set forth in Paragraphs 1 through 34 inclusive, with the same force and effect as if set forth at length herein in response to Paragraph 35 of the Complaint.

36.  Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.  Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.  Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.  Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.  Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.  Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.   Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

## AS TO "DEMAND FOR RELIEF"

43.   Defendants deny the allegations set forth in Paragraph A-K of the Complaint.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

44.   Plaintiff's Complaint fails, in whole or in part, to state any claim against Defendants upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

45.   Plaintiff's Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith, for good cause and legitimate business reasons unrelated to Plaintiff's race, gender, age, or any other protected characteristic, or any alleged participation in any protected activity, and that Defendants have not violated any rights which may be secured to Plaintiff under Federal, State or local laws, rules, regulations or guidelines.

## AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

46.   Plaintiff's claims for damages against Defendants are barred, in whole or in part, because Plaintiff has failed to mitigate her alleged damages.

## AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

47.   Plaintiff's claims against Defendants are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

48.  Plaintiff's claims against Defendants are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Plaintiff's claims.

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

49.  Plaintiff's claims alleging discrimination, harassment and/or retaliation are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory, harassing and/or retaliatory behavior.

### AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

50.  Plaintiff's claims alleging discrimination, harassment and/or retaliation are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise.

### AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

51.  Plaintiff's claims for damages and equitable relief are barred, in whole or in part, by the after-acquired evidence doctrine.

### AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

52.  Plaintiff's claims for damages are barred, in whole or in part, due to Defendants' good faith efforts to comply with applicable federal, state, city and local anti-discrimination laws.

## AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred, in whole or in part, by her election of remedies.

## AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

54. Defendants did not aid, abet or condone any act of harassment and/or discrimination and are not, therefore, liable under the applicable law.

## AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

55. Plaintiff's Complaint should be dismissed for failure to comply with the conditional prerequisites required under the applicable statute.

## AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

56. Defendants Arthur Glick, Todd Glick, Barri Glick, and Robin Bolles cannot be individually liable under Title VII of the Civil Rights Act of 1964 and should be dismissed from the action.

WHEREFORE, Defendants respectfully request that this Court:

A. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

B. Deny each and every prayer for relief set forth in Plaintiff's Complaint;

C. Award Defendants reasonable attorneys' fees and costs incurred in defending against Plaintiff's baseless and frivolous action; and

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway
White Plains, New York 10601

By: _____

Greg A. Riolo
Rebecca M. McCloskey
*Attorneys for Defendants*

Dated:    February 22, 2016
White Plains, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

NICOLE A. ANTHONY,

                              Plaintiff,

        -against-

ARTHUR GLICK TRUCK SALES, INC., et
al.; ARTHUR GLICK (President, Arthur
Glick, Inc.); TODD GLICK (Vice President,
Arthur Glick, Inc.); BARRI GLICK
(Secretary, Arthur Glick, Inc.); and ROBIN
BOLLES (Comptroller, Arthur Glick, Inc.),

                              Defendants.

-----------------------------------------------------------------x

                                                          **Case No. 15 CV 7270 (NSR)**

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of Defendants' Answer to Plaintiff's

*Pro Se* Complaint has been filed via ECF and served via U.S. First Class Mail on the 22nd day of

February, 2016 on *Pro Se* Plaintiff at the address set forth below:

                        Nicole A. Anthony
                        1114 Route 52
                        P.O. Box 70
                        Loch Sheldrake, NY 12759

                                Greg Riolo