

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MEMPHIS, TN | PITTSBURGH, PA | STAMFORD, CT |
| DAYTON, OH | MIAMI, FL | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MILWAUKEE, WI | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MINNEAPOLIS, MN | PROVIDENCE, RI | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

June 16, 2016

**VIA ECF**

Hon. Nelson S. Roman
United States District Judge, S.D.N.Y.
United States Courthouse, 300 Quarropas St.
White Plains, NY 10601-4150

                Re:    Anthony v. Arthur Glick Truck Sales, Inc., et al.
                        15-cv-7270 (NSR)

Dear Judge Roman:

      Defendants write to request a pre-motion conference seeking leave of the Court to file a Motion to Dismiss the following claims from Plaintiff's Amended Complaint: (1) Family Medical Leave Act ("FMLA"); (2) Equal Pay Act ("EPA"); (3) the Whistleblower Act; (4) Intentional Infliction of Emotional Distress ("IIED"); and (5) New York State Human Rights Law ("NYSHRL").[1]

      Defendants respectfully request that discovery be stayed while the Motion to Dismiss is pending because Defendants seek to dismiss five of Plaintiff's six claims, which will significantly narrow the scope of discovery if the Motion is granted in whole or in part.

      Plaintiff's FMLA claim should be dismissed because Arthur Glick Truck Sales, Inc. is not an "employer" because it employs fewer than 50 employees, *see* 29 U.S.C. 2611 (4)(A)(i). Even if Plaintiff could meet this threshold, Plaintiff did not have and does not allege a "serious health condition that makes the employee unable to perform the functions of the position of such employee", *see* 29 U.S.C. 2612 (a)(1)(D). Lastly, Plaintiff's FMLA interference claim should be dismissed because Plaintiff did not give the employer notice of a request for medical leave, *see* 29 C.F.R. 825.302(c) ("An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave."). According to the Amended Complaint, Plaintiff sent an email on Friday, May 17, 2013, advising that she was out sick that day and she would be returning to work the following Monday.

      Plaintiff's EPA claim should be dismissed because there are no allegations that a man was paid more for doing similar work. *See* 29 U.S.C. 206 (d) (prohibiting discrimination,

---

[1] Defendants are not seeking leave to file a Motion to Dismiss Plaintiff's claim under Title VII of the Civil Rights Act of 1964.



June 16, 2016
Page 2

"between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."). In fact, the only other people alleged to have done financial work at the company were Plaintiff's supervisor, the company Comptroller Defendant Robin Bolles, and possibly the unnamed "White-woman employee"/ "White woman" that Plaintiff refused to train.

Plaintiff's Whistleblower Act claim should be dismissed because it is time-barred. *See* NYS Labor Law §740 (4)(a)[2], a civil action must be commenced in a court of competent jurisdiction, "within one year after the alleged retaliatory personnel action was taken." Plaintiff's employment was terminated on May 17, 2013, and her initial Complaint was filed on September 14, 2015, more than two years later.

Plaintiff's Whistleblower Act claim should further be dismissed because Plaintiff's complaints did not concern a "substantial and specific danger to the public health or safety, *or which constitutes health care fraud*". *See* NYS Labor Law §740 (2)(a). Plaintiff claims violations of financial regulations and policies, which are insufficient to survive a motion to dismiss. *See Remba v. Fed'n Employment & Guidance Serv.*, 76 N.Y.2d 801 (1990) (affirming motion to dismiss 740 claim based on fraudulent billing, because that, "is not the type of violation which creates a 'substantial and specific danger to the public health or safety'").

Plaintiff's Whistleblower Act claim should also be dismissed because there are no facts alleged that constitute a <u>retaliatory</u> personnel action. Plaintiff did not make any complaints until AFTER her employment was terminated on May 17, 2013.[3] According to Paragraph 33 of the Amended Complaint and exhibit H thereto, Plaintiff's disclosure of "the shady and unlawful/criminal practices" was made almost a month later on June 13, 2013, and states that she did not raise any of these issues during her employment; "I was hired to do a job and <u>if I would have said something prior to being terminated</u> I would definitely been fired early on."

Plaintiff's IIED claim should be dismissed because it is time-barred. *See* CPLR 215, which sets forth a one-year statute of limitations for intentional torts. Plaintiff's employment was terminated on May 17, 2013. Plaintiff's initial Complaint was filed on September 14, 2015, and she first raised a claim for IIED three years later on May 25, 2016 in the Amended Complaint – both are untimely.

Even if timely, Plaintiff's IIED claim should be dismissed because Plaintiff's allegations in the Amended Complaint do not meet the very high standards sufficient to state a

---

[2] Plaintiff's Whistleblower Act claim cannot be based on Federal Whistleblower Act because she is not a federal employee.

[3] Plaintiff has expressed intent to serve third party subpoenas seeking documents in support of her Whistleblower Act claim. Defendants request leave to file a motion to stay issuance of third party subpoenas until after the Court rules on Defendants' Motion to Dismiss.



claim for IIED.[4] "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303, 448 N.E.2d 86, 461 N.Y.S.2d 232 (1983). The standard for asserting a claim is "rigorous, and difficult to satisfy." *Howell v. N.Y. Post Co.*, 81 N.Y.2d at 122. "New York Courts are reluctant to allow [IIED] claims in employment discrimination cases. The courts are wary of allowing plaintiffs to recharacterize claims for wrongful or abusive discharge . . . as claims for intentional infliction of emotional distress." *Stevens v. New York*, 691 F. Supp. 2d 392, 399 (S.D.N.Y. 2009). There are simply no allegations in the Amended Complaint that rise to the requisite level of outrageous conduct.

As a final matter, Plaintiff's NYSHRL and IIED claims should be dismissed because Plaintiff's pursuit of a claim under the Whistleblower Act, NYS Labor Law §740(7), precludes the pursuit of any other state law claims, as follows: "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." Plaintiff asserts her NYSHRL, IIED and Whistleblower Act claims together in Paragraph 36 of the Amended Complaint, asserting that Defendants, "retaliate[d] against Plaintiff NAA by terminating her employment for complaining about the hostile working environment, and Whistleblowing about Defendants' unlawful and criminal business practices."

Further, even if the Whistleblower Act claim is barred by the statute of limitations or on other grounds, Plaintiff's NYSHRL and IIED claims are still waived. *See Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*, No. 03-CV-6233, 2004 U.S. Dist. LEXIS at *20 (E.D.N.Y. July 9, 2004) (holding that "dismissal of plaintiff's whistleblower action does not negate the *section 740(7)* waiver"). The Second Circuit recognized that, "[t]he design of this austere measure is to require prospective plaintiffs to consider carefully potential whistleblower suits before commencing such an action. This plaintiff, having risked filing a time-barred whistleblower action, cannot revive her claims arising from her termination." *Id.*

Based on the above, Defendants respectfully request permission to file a motion to dismiss. If the Court has any questions, please contact the undersigned.

Very truly yours,

JACKSON LEWIS P.C.

Greg Riolo
Rebecca M. McCloskey

---

[4] A claim for intentional infliction of emotional distress under New York law requires plaintiff to plead (i) extreme and outrageous conduct; (ii) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and the injury; and (iv) severe emotional distress. *See Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993).



Attorneys at Law

June 16, 2016
Page 4

cc:  Nicole Anthony
     1114 Route 52
     P.O. Box 70
     Loch Sheldrake, NY 12759

4812-1627-2178, v. 1