

Docket in case # 15 CV/~~CR~~ 7270
As: Plaintiff's letter response
Date: 7/5/2016

Nicole A. Anthony
1114 Route 52
P.O. Box 70
Loch Sheldrake, NY 12759
(845) 798-3833

June 28, 2016

Hon. Nelson S. Roman, U.S.D.J.
United States District Court, S.D.N.Y.
U.S. Courthouse, 300 Quarropas St.
White Plains, NY 10601-4150

   Re: Anthony v. Arthur Glick Truck Sales, Inc., et al.;
      15-cv-7270 (NSR); Letter/Opposition To Motion To Dismiss

Dear Sir:

This is to serve as my, NAA, formal Letter/Opposition to Defendants' Letter/Motion To Dismiss, dated June 16, 2016, and herein I state, under penalty of perjury, 28 U.S.C. Sec. 1746, the following:

### Family Medical Leave Act (FMLA):

The motion to dismiss should be denied because 1) discovery is required in order to determine how many employees Defendants employs; 2) under 29 U.S.C. Sec. 2612(a)(1)(D), NAA has alleged a "serious health condition" that made her unable to perform her job functions (this was an illness that built up over time and continued discrimination, harassment, and hostile work environment, until it reached a boiling point), see paragraphs 9-12, and 17-24 of the Amended Complaint; and 3) nowhere in the Amended Complaint does NAA claim to have emailed Defendants on May 17, 2013, but does admit that her complaint to the EEOC included such a statement. Nevertheless, Defendants had the necessary sufficient notice required by the statute to satisfy due process.

### Equal Pay Act:

Although there are no allegations that a man was paid more for doing the job NAA was performing on the basis of race or age, NAA's claim for discrimination in wages on the basis of race can still go forward under Title VII where NAA has alleged that Defendant Bolles was paid at least twice as much as NAA for doing less work than NAA, on the basis of race and age. Furthermore, NAA has alleged that another White woman was brought to NAA to be trained for NAA positions, and that she was offered more money than NAA. Moreover, upon information and belief, another White woman was brought in to do part of the job that NAA performed, failed to function properly, and was paid more than NAA. Discovery is required to obtain this vital information of the salaries of

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/5/2016

Page 2 of 3

the White women who worked there and received more pay, as well as the White woman who was put in place to replace NAA. Therefore, the Equal Pay discrimination/violation claims under Title VII should survive a motion to dismiss. Dismissal should be denied.

**Whistleblower Claim:**

Contrary to Defendants' assertions, NAA never brought a Whistleblower claim under New York State law, but brought her claim pursuant to the federal Whistleblower Act. Therefore, even if this court finds that the pleading requirements pursuant to the Whistleblower Protection Act of 1989, Pub.L. 101-12 as amended, have not been met, it doesn't convert a federal cause of action into a state cause of action for the convenience of Defendants. The only state law claims brought by NAA are violations of the New York State Human Rights Law, against all Defendants in their official and individual capacities, and Intentional/Reckless Infliction of Emotional Distress against all Defendants, officially and individually. Dismissal should be denied.

**Intentional/Reckless Infliction of Emotional Distress (IED):**

First, the IED claims against each of the Defendants in their official and individual capacities are not subject to dismissal on statute of limitations grounds. NAA claims that the conduct that caused her severe emotional distress continued throughout her application for unemployment benefits and the EEOC proceedings.

Though NAA was unlawfully terminated on May 17, 2013, the conduct of the Defendants continued through her application for unemployment benefits (wherein Defendants did not claim lateness or absences as the reason for termination) up until Defendants filed a knowingly false Position Statement with the EEOC, dated September 2, 2014, and received by NAA on or about September 15, 2014, by mail from the EEOC. NAA thereafter rebutted Defendants' Position Statement by letter dated September 17, 2014, and the EEOC found the Defendants' Position Statement to be unable to withstand scrutiny on April 29, 2015. EEOC attempted conciliation; however, Defendants refused to even respond thereto.

In Defendants' Position Statement they 1) continued to be untruthful about the reason for termination in an attempt to persuade EEOC to rule against NAA, 2) told the EEOC that NAA never complained about harassment, 3) claimed falsely that NAA was the highest paid employee in the bookkeeping department, 4) and falsely claimed that NAA was not the only Black female employee. These intentional falsehoods, at a time when NAA was seeking a favorable decision from the EEOC, are the continued acts that amount to a "continuing violation." With the continued refusal of the Defendants to conciliate with the EEOC, and the disdain with which they refused to even respond, the complained of conduct continued until June 19, 2015, when the EEOC determined that conciliate efforts had failed and issued the "right to sue letter."

Page 3 of 3

NAA filed her complaint on September 14, 2015, well within the one-year statute of limitations which began to run on June 19, 2015, when the conduct complained of ended with a favorable decision from the EEOC and the stress began to diminish. Furthermore, even if the June 19, 2015, date is not used, the September 15, 2014, date of receipt of the Defendants' Position Statement is within the one-year period. Moreover, NAA has filed an Amended Complaint pursuant to Rules 15(a)(1)(B) and 15(c)(1)(B) of Federal Rules of Civil Procedure. Consequently, NAA's IED claims are timely under the "Continuing Violation Doctrine," and they "relate back" to the conduct alleged in the original complaint. Finally, what conduct could be more outrageous than to maintain a hostile work environment based upon a person's race for an extended 6-year period. Sufficient allegations have been pleaded, especially for a Pro Se litigant.

**New York State Human Rights Law**:

Since NAA did not file a Whistleblower claim under New York's Labor Law statute, but under the federal Whistleblower Act, NAA's state law claims for Human Rights Law violations and IED are not subject to dismissal pursuant to NYS Labor Law Sec. 740(7). NAA filed her NYS Human Rights Law violations complaint against all Defendants in their official and individual capacities because individual liability and punitive damages are not available in the Second Circuit for Title VII claims. NAA is suing each Defendant separately, as well as jointly and severally, for the conduct complained of in the Amended Complaint. Lastly, contrary to Defendants' claim, NAA did not assert her claims for IED, Whistleblower, and NYSHRL together in paragraph 36 of the Amended Complaint. Paragraph 36 claims retaliation for complaining about the hostile work environment and the federal Whistleblowers Act; it says nothing whatsoever about IED or the NYSHRA violation.

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss, and Order that Discovery proceed in accordance with the law and rules.

Yours, Nicole A. Anthony

*Nicole Anthony*

Cc: Greg Riolo Esq; Jackson Lewis, P.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x-xx
NICOLE A. ANTHONY,

              Plaintiff,        :    Case No. 15CV7270(NSR)

      v.

ARTHUR GLICK TRUCK SALES, INC., et al.;
ARTHUR GLICK (President, Arthur Glick,
Inc.); TODD GLICK (Vice President (Arthur
Glick, Inc.); BARRI GLICK (Secretary,
Arthur Glick, Inc.); and ROBIN BOLLES
(Comptroller, Arthur Glick, Inc.),

              Defendants.
------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiff Nicole A. Anthony's Formal Letter/Opposition To Motion To Dismiss, inter alia, was duly served by First Class Mail on June 29, 2016, to the Defendant's attorney at the address below:

                  JACKSON LEWIS, P.C.
                  Attn: Greg Riolo, Esq.
                  44 South Broadway, 14th Floor
                  White Plains, NY 10601

                  */s/ Nicole A. Anthony*
                  Nicole A. Anthony
                  1114 Route 52
                  P.O. Box 70
                  Loch Sheldrake, NY 12759
                  Plaintiff, Pro Se

Nicole A. Anthony
P.O. Box 70
Loch Sheldrake, N.Y. 12759

ALBANY NY 120
29 JUN 2015 PM 5 L

Hon. Nelson S. Roman, U.S.D.J.
United States District Court, S.D.N.Y.
U.S. Courthouse
300 Quarropas Street
White Plains, N.Y. 10601-4150

RECEIVED
JUL -5 2016
NELSON S. ROMAN
U.S. DISTRICT JUDGE
S.D.N.Y.