UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NICOLE A. ANTHONY,

                                Plaintiff,

               -against-                        15 Civ. 07270 (NSR)

ARTHUR GLICK TRUCK SALES, INC., et
al.; ARTHUR GLICK ; TODD GLICK ;
BARRI GLICK ; and ROBIN BOLLES,

                                Defendants.
-------------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
QUASH PLAINTIFF'S THIRD-PARTY SUBPOENAS SERVED ON:
(1) NEW YORK STATE DEPARTMENT OF LABOR;
(2) NEW YORK STATE DIVISION OF MOTOR VEHICLES PSP UNIT PARTNERING;
(3) PACCAR FINANCIAL INC.;
(4) G.E. CAPITAL;
(5) ALLY FINANCIAL INC.; AND
(6) GM FINANCIAL
PURSUANT TO RULE 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

                                                           JACKSON LEWIS P.C.
                                                           *ATTORNEYS FOR DEFENDANTS*
                                                           44 South Broadway, 14th Floor
                                                           White Plains, New York 10601

Attorneys of Record:
    Greg Riolo, Esq.
    Rebecca M. McCloskey, Esq.

# **TABLE OF CONTENTS**

Page #

PRELIMINARY STATEMENT ..................................................................................................2

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ................................3

      A.   Department Of Labor Subpoena ........................................................................................4

      B.   "Audit" Subpoenas..............................................................................................................5

ARGUMENT...................................................................................................................................6

   I.   THE SUBPOENAS MUST BE QUASHED BECAUSE THEY REQUIRE
      ENTITIES TO COMPLY BEYOND THE STATUTORY 100 MILE LIMIT. .............6

   II.   THE DEFENDANTS HAVE STANDING TO QUASH THE SUBPOENAS...............7

   III.   THE DOCUMENTS SOUGHT BY PLAINTIFFS' SUBPOENA ARE
       IRRELEVANT TO THE PROSECUTION OR DEFENSE OF THIS ACTION. ..........8

CONCLUSION...............................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*Allison v. Clos-ette Too, L.L.C.,*
   14 cv 1618, 2015 U.S. Dist. LEXIS 2826 (S.D.N.Y. January 9, 2015) ....................................9

*Blue Angel Films, Ltd. v. First Look Studios, Inc.,*
   2011 U.S. Dist. LEXIS 23696 (S.D.N.Y. 2011) ......................................................................8

*Copantitla v. Fiskardo Estiatorio, Inc.,*
   2010 U.S. Dist. LEXIS 33430 (S.D.N.Y. Apr. 5, 2010) ..........................................................8

*Night Hawk Ltd. v. Briarpatch Ltd.,*
   2003 U.S. Dist. LEXIS 23179 (S.D.N.Y. Dec. 23, 2003) .......................................................8

*Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.,*
   2014 U.S. Dist. LEXIS 155009 (S.D.N.Y. Oct. 24, 2014) ......................................................9

*Solow v. Conseco, Inc.,*
   2008 U.S. Dist. LEXIS 4277 (S.D.N.Y. Jan. 18, 2008) .......................................................7, 9

*Vale v. Great Neck Water Pollution Control Dist.,*
   2016 U.S. Dist. LEXIS 2440 (E.D.N.Y. Jan. 8, 2016) ............................................................8

Defendants Arthur Glick Truck Sales, Inc. (the "Company"), Arthur Glick, Todd Glick, Barri Glick, and Robin Bolles (collectively "Defendants") submit this Memorandum of Law in Support of their Motion to Quash Plaintiff's Third-Party Subpoenas ("Motion to Quash") pursuant to Rule 45 of the Federal Rules of Civil Procedure.[1]

The present dispute concerns six procedurally deficient, irrelevant and/or overbroad third-party subpoenas signed by the Clerk of the Court on June 7, 2016, returnable on July 17, 2016, which Plaintiff issued on the following entities: (1) New York State Department of Labor; (2) New York State Division of Motor Vehicles PSP Unit Partnering; (3) Paccar Financial Inc., located in Bellevue, WA; (4) G.E. Capital, located in Pittsburgh, PA; (5) Ally Financial Inc., located in Cranberry Township, PA; and (6) GM Financial, located in Arlington, TX.[2]

Plaintiff's certificate of service of the subpoenas on Defendants is dated June 25, 2016. Defendants received a copy on June 30, 2016. *See* McCloskey Decl. Ex. A. Thus Plaintiff appears to have issued the subpoenas on third parties <u>weeks</u> <u>before</u> Defendants received a copy, in blatant violation of the requirement spelled out on the face of each subpoena that, "a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed." Fed. R. Civ. P. 45(a)(4). The fact that Plaintiff is litigating Pro Se does not exempt her from the statutory requirements of the Federal Rules of Civil Procedure which apply to <u>all</u> litigants, especially since she has been repeatedly instructed to consult with the Pro Se office at every Court Conference in this matter. Plaintiff's third party subpoenas should be quashed on this basis alone.

---

[1] Copies of the third-party subpoenas served by Plaintiff on (1) New York State Department of Labor; (2) New York State Division of Motor Vehicles PSP Unit Partnering; (3) Paccar Financial Inc.; (4) G.E. Capital; (5) Ally Financial Inc.; and (6) GM Financial are attached as Exhibit A to the Declaration of Rebecca M. McCloskey, Esq. in Support of Defendants' Motion to Quash (hereinafter, "McCloskey Decl.").

[2] Defendants are not moving to quash Plaintiff's subpoena to "N.Y.S. Workforce Development".

1

## **PRELIMINARY STATEMENT**

Plaintiff is a former Staff Accountant of Arthur Glick Truck Sales, Inc., whose employment was terminated on March 17, 2013 for continual absences, lateness and refusal to train another employee. Plaintiff's Amended Complaint claims that her employment was terminated in violation of Title VII of the Civil Rights Act of 1964 due to her race and gender, and in retaliation for complaining of discrimination and "whistleblowing" about the Company's business practices.[3] Defendants deny Plaintiff's allegations in their entirety.

As a matter of law, Plaintiff has no valid "whistleblower" claim. According to her letter dated June 28, 2016, Plaintiff "brought her claim pursuant to the federal Whistleblower Act." McCloskey Decl. Ex. C. However, Plaintiff cannot state a claim under the Federal Whistleblower Protection Act because she was not a federal employee. *See* 101 P.L. 12 ("Whistleblower Protection Act of 1989") ("The purpose of this Act is to strengthen and improve protection for the rights of Federal employees, to prevent reprisals, and to help eliminate wrongdoing within the Government by (1) mandating that employees should not suffer adverse consequences as a result of prohibited personnel practices.").

Moreover, none of Plaintiff's alleged "whistleblowing" activity took place until <u>after</u> Plaintiff's employment was terminated on May 17, 2013. *See* Ex. H to Amended Complaint, attached as McCloskey Decl. Ex. D. Plaintiff admits as much in her purported letter of complaint dated June 13, 2013 - which is not addressed to anyone or signed - "I was hired to do a job and <u>if I would have said something prior to being terminated</u> I would definitely been fired early on." *Id.* Thus, Plaintiff's purported whistleblowing about the Company cannot have caused her termination

---

[3] On June 16, 2016 Defendants requested leave to file a Motion to Dismiss the Amended Complaint's claims under: (1) Family Medical Leave Act ("FMLA"); (2) Equal Pay Act ("EPA"); (3) the "Whistleblower Act"; (4) Intentional Infliction of Emotional Distress; and (5) New York State Human Rights Act ("NYCHRA"). For the reasons set forth in Defendants' June 16, 2016 Letter, attached as Exhibit B to McCloskey Decl., these claims are facially flawed and will therefore not be addressed in this Memorandum supporting Defendants' Motion to Quash.

2

since no whistleblowing activity is alleged until <u>after</u> her employment ended. The documents requested by Plaintiff's subpoenas concerning Defendants' business practices are, therefore, entirely irrelevant to the issue of or reasons for her termination. Plaintiff is not entitled to seek information that is not relevant to her viable claims in this action.

Defendants acknowledge that information concerning Plaintiff's employment and termination, which she seeks from the New York State Department of Labor, is relevant and Defendants do not object to this portion of the subpoena to the NYS DOL. That same subpoena is objectionable, however, because it also seeks "Workers Compensation Audits" and "Any Employee complaints." This is a simple employment discrimination and retaliation case – there are no allegations concerning workers' compensation claims or complaints, which information is irrelevant to Plaintiff's claims.

The documents requested by the remaining five subpoenas (the "Audit Subpoenas") have no relevance to the prosecution of this action. They seek documents relating to the business practices and financial reporting of the Company in general, which documents have no connection to Plaintiff's alleged discriminatory and retaliatory termination from employment.

Accordingly, Defendants respectfully request the Court quash Plaintiff's subpoenas and limit the scope of Plaintiffs' requests to the Department of Labor to documents relevant to Plaintiff's employment and termination.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On September 14, 2015, Plaintiff filed a Complaint alleging that Defendants terminated her employment in violation of Title VII. *See* Dkt. No. 2. Plaintiff's Amended Complaint was filed on May 27, 2016. *See* Dkt. No. 29. The parties exchanged Initial Disclosures and document productions on June 20, 2016.

3

On June 16, 2016, Defendants sought leave to move to dismiss the Amended Complaint in lieu of an Answer, because except for the Title VII claim, Plaintiff's claims are facially deficient. *See* Dkt. No. 30.

On June 30, 2016, Defendants received a copy via regular mail of Plaintiff's third party subpoenas, requesting that those third parties produce, among other things, documents relating to financial audits of Defendants' business, any complaints of work hazards and violations, and Defendants' alleged suspension from using a vehicle registration system. *See* McCloskey Decl. Ex. A. Given how unrelated the requested documents are to Plaintiff's claims, they are a blatant misuse of the discovery process and an attempt at punitive measures against Defendants, by way of a fishing expedition into the private company's financial statements to harass and search for other unrelated claims – that Plaintiff has not asserted – that she could potentially use against Defendants in the future, all under the guise of "supporting" whistleblowing claims in this case that she does not have as a matter of law.

### A. <u>Department Of Labor Subpoena</u>

The subpoena issued to the New York State Department of Labor seeks the following documents: (1) "unemployment records for Nicole A. Anthony … from May 2013, revealing Defendant Arthur Glick Truck Sales' reason for termination, and/or whether or not they disputed unemployment"; (2) "Workers Compensation Audits for the Arthur Glick Truck Sales, Inc. dealership done between 2010-2013 and the Details/Findings of said reports (should list number of employees, positions held, race/ethnicity of individuals, pay/salary if applicable)"; and (3) "Any Employee complaints from 2010-2013 to the Department of Labor regarding the dealership with complaints of hostile work environment, work hazards, violations, etc."

Defendants do not object to the first category of documents, which clearly relates to Plaintiff's discrimination claims in this case.

This case does not, however, contain any claims about workers' compensation or disability or work hazards or other unspecified "violations." For this reason, Defendants object to the second two categories of documents requested from the Department of Labor relating to other employees' personal confidential medical information contained in workers compensation documentation and other employees' possible complaints.[4] Furthermore, Defendants' employee information, even if it were relevant to Plaintiff's claims, can be sought directly from Defendants via discovery requests.

### B. "Audit" Subpoenas

All of the "Audit" Subpoenas seek information concerning Defendants' business practices and confidential financial information – which are completely irrelevant to Plaintiff's employment discrimination and retaliation claims.

The subpoena issued to New York State Division of Motor Vehicles PSP Unit Partnering seeks, "the Audit findings and the reason the System [to process registrations and distribute license plates] was pulled from the dealership and if possible the period of which the privilege is suspended until."

The subpoena issued to Paccar Financial Inc. seeks, "All audit trails from 2010-2013, and audit reports that would show whether or not Arthur Glick Truck Sales were ever 'out-of-trust'; and whether any of the other entities sued by Ms. Anthony as subsidiaries of Arthur Glick Truck Sales, Inc., such as New York Kenworth, Inc., as well as Glick Hyundai and Glick GMC, were

---

[4] Defendants note that it is unlikely that the Department of Labor has any documents responsive to the third category which requests, "employee complaints ... regarding the dealership with complaints of hostile work environment, work hazards, violations, etc." because it is not the Department of Labor's function to accept any such complaints.

floored-planned by Paccar. (See attachment 'A')." Defendants did not receive a copy of any attachment to this subpoena.

The subpoena issued to G.E. Capital seeks, "all audit reports and audit history, 2010 - 2013, regarding Arthur Glick issues with financial statements."

The subpoena issued to Ally Financial Inc. seeks, "any and all audit reports as far back as possible from 2007-2013, that would show whether or not Arthur Glick Truck Sales has been 'out-of-trust', and the number of times it was, and whether or not it was forced to make curtailment/vehicle payoffs."

The subpoena issued to GM Financial seeks, (1) "audit trails and reports from 2010-2013 regarding 'out-of-trust' designations for Arthur Glick Truck Sales, Inc."; and (2) "also report on Key Code issue between 2010-2013. Need finding results. (dealership is suspended from cutting any keys)".

It cannot be overstated that the requested audit and financial information has no bearing on this case.

## ARGUMENT

I. **THE SUBPOENAS MUST BE QUASHED BECAUSE THEY REQUIRE ENTITIES TO COMPLY BEYOND THE STATUTORY 100 MILE LIMIT.**

Rule 45 of the Federal Rules of Civil Procedure ("FRCP") governs the subpoena process under federal law. According to Fed. R. Civ. P. 45(d)(3)(A)(ii), the court "must quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)." Rule 45(c)(2)(A) states, "A subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed or regularly transacts business in person."

6

Plaintiff has listed her P.O. Box as the Place of Production of documents in response to her subpoenas. *See* McCloskey Decl. Ex. A. Her address is P.O. Box 70, Loch Sheldrake, NY 12759. *Id.* According to Google Maps, four of the subpoenas at issue request documents from entities that are over 100 miles from her address. *See* McCloskey Decl. Ex. E.[5]

Specifically, Paccar Financial Inc. at 777 106th Avenue, N.E., Bellevue, WA 98004 transacts business 2,855 miles from Plaintiff's specified Place of Production; G.E. Capital at P.O. Box 644479, Pittsburgh, PA 15264 transacts business 360 miles from Plaintiff's specified Place of Production; Ally Financial Inc. at 3104 Unionville Road, Ste. 200, Cranberry Township, PA 16066 transacts business 392 miles from Plaintiff's specified Place of Production; and GM Financial at P.O. Box 182673, Arlington, TX 76096 transacts business 1,597 miles from Plaintiff's specified Place of Production.

Plaintiff's third party subpoenas for Paccar Financial, G.E. Capital, Ally Financial and GM Financial must be quashed on this basis alone.

## II.     THE DEFENDANTS HAVE STANDING TO QUASH THE SUBPOENAS.

Rule 45 explicitly makes clear that any individual "subject to *or affected by a subpoena*" may make a motion to quash or modify the subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). Therefore, "[w]hile Rule 45 speaks of objections to subpoenas being asserted by the person commanded to produce and permit inspection of the subpoenaed documents, it is well-established that a party with a real interest in the documents has standing to raise objections to their production." *Solow v. Conseco, Inc.*, 2008 U.S. Dist. LEXIS 4277, *8 (S.D.N.Y. Jan. 18, 2008). In fact, the *Solow* Court noted that the Advisory Committee Notes to the 1991

---

[5]  Defendants do not object to the geographic scope of the subpoenas issued to New York State Department of Labor or New York State Division of Motor Vehicles PSP Unit Partnering, which are located in Albany, NY.

7

amendments of Rule 45 provide that a court is authorized to "quash, modify, or condition a subpoena to protect the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information." *Id.*; *see also Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 U.S. Dist. LEXIS 23696, *2 (S.D.N.Y. 2011) (holding that a party with a real interest in the privacy of the documents requested can object to their production); *Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 U.S. Dist. LEXIS 33430, *26-28 (S.D.N.Y. Apr. 5, 2010) (granting defendants' motion to quash non-party subpoena that sought disclosure of confidential information of defendants and noting that even though not all of the document requests sought such information, "the fact that some of them do is sufficient.").

Here, it is clear that the Defendants have a legitimate privacy interest in the documents sought by Plaintiffs' subpoenas. Specifically, Plaintiff seeks Defendants' financial statements and audits of same. Arthur Glick Truck Company, Inc. is not a public company - it is a privately held company which does not release its financial statements to the public.

Accordingly, it is clear that the Company maintains a legitimate privacy interest in the documents sought by Plaintiff and have standing to move to quash the subpoena under Rule 45(d)(3)(B)(i) of the FRCP.

### III. THE DOCUMENTS SOUGHT BY PLAINTIFFS' SUBPOENA ARE IRRELEVANT TO THE PROSECUTION OR DEFENSE OF THIS ACTION.

Once standing has been established, the burden shifts to the party issuing the subpoena to "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Vale v. Great Neck Water Pollution Control Dist.*, 2016 U.S. Dist. LEXIS 2440, *6 (E.D.N.Y. Jan. 8, 2016) (quoting *Night Hawk Ltd. v. Briarpatch Ltd.*, 2003 U.S. Dist. LEXIS 23179, *8 (S.D.N.Y. Dec. 23, 2003). The party issuing the subpoena must establish that the relevance or probative value of the documents sought outweighs the

8

privacy interests asserted. *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 U.S. Dist. LEXIS 155009, *18 (S.D.N.Y. Oct. 24, 2014) (citing *Solow*, 2008 U.S. Dist. LEXIS 4277 at *4). Plaintiff unquestionably cannot meet this burden in the instant matter.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Although this is a broad standard, it is not unlimited. *See Allison v. Clos-ette Too, L.L.C.*, 14 cv 1618, 2015 U.S. Dist. LEXIS 2826 at *18-21 (S.D.N.Y. January 9, 2015) (quashing Defendant's subpoena to Plaintiff's former employer because prior salary information was irrelevant to Plaintiff's Fair Labor Standards Act claims for non-payment of wages against Defendant).

This case is about alleged race and gender based discrimination, harassment and retaliation. Yet, inexplicably and despite acknowledging that she has no "Whistleblower Act" claim (based on the timing of her supposed "reporting" and the language of the federal statute), Plaintiff is seeking to misuse the subpoena power of the Court to obtain extensive financial and audit information about the Company from third parties.

In particular, Plaintiff seeks from financial institutions and state agencies: (1) "the Audit findings and the reason the System [to process registrations and distribute license plates] was pulled from the dealership and if possible the period of which the privilege is suspended until"; (2) "All audit trails from 2010-2013, and audit reports that would show whether or not Arthur Glick Truck Sales were ever 'out-of-trust'; and whether any of the other entities sued by Ms. Anthony as subsidiaries of Arthur Glick Truck Sales, Inc., such as New York Kenworth, Inc., as well as Glick Hyundai and Glick GMC, were floored-planned by Paccar"; (3) "all audit reports and audit history, 2010 -2013, regarding Arthur Glick issues with financial statements"; (4) "any and all audit reports

9

as far back as possible from 2007-2013, that would show whether or not Arthur Glick Truck Sales has been 'out-of-trust', and the number of times it was, and whether or not it was forced to make curtailment/vehicle payoffs"; (5) "audit trails and reports from 2010-2013 regarding 'out-of-trust' designations for Arthur Glick Truck Sales, Inc."; and (6) "also report on Key Code issue between 2010-2013. Need finding results. (dealership is suspended from cutting any keys)."

There is simply no connection between audit reports about the Company and Plaintiff's claim that she was terminated due to racial and gender discrimination, and in retaliation for complaining of same. By Plaintiff's own admission, she did not raise any such issues before her employment was terminated - "I was hired to do a job and <u>if I would have said something prior to being terminated</u> I would definitely been fired early on" - so any such issues cannot have been a factor in her termination.

As to the Department of Labor subpoena, if any complaints were made they are unlikely to have been accepted or retained by the Department of Labor, and in any event, information concerning <u>other</u> employees' hypothetical complaints about "work hazards" or other "violations" is not relevant to <u>Plaintiff's</u> employment or termination.

For all of these reasons, Plaintiff cannot meet her burden of demonstrating the relevance of the documents requested. Plaintiff's subpoenas should be quashed.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that this Court quash Plaintiff's subpoenas to (1) New York State Department of Labor; (2) New York State Division of Motor Vehicles PSP Unit Partnering; (3) Paccar Financial Inc.; (4) G.E. Capital; (5) Ally Financial Inc.; and (6) GM Financial in their entirety.

10

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060

By: _____
Greg Riolo
Rebecca M. McCloskey
*Attorneys for Defendants*

Dated: White Plains, New York
         July 12, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NICOLE A. ANTHONY,

                             **Plaintiff,**

           -against-                            15 Civ. 07270 (NSR)

ARTHUR GLICK TRUCK SALES, INC., et
al.; ARTHUR GLICK ; TODD GLICK ;
BARRI GLICK ; and ROBIN BOLLES,

                             **Defendants.**
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Memorandum of Law in Support of Defendants' Motion to Quash Plaintiff's Subpoenas has been served via First Class Mail on July 12, 2016, to the Plaintiff Pro Se at the address set forth below:

                             Nicole A. Anthony
                             P.O. Box 70
                             Loch Sheldrake, NY 12759

                             _____
                             Rebecca M. McCloskey, Esq.